UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 18-23762-CIV-MORENO

EVELYNE PETIGNY,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P., JAMES
REINARD, and RACHELLE PERICLES,

    Defendants.
_____/

## ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS

Plaintiff is suing Defendant Wal-Mart Stores East, L.P. and its two store managers for a slip-and-fall accident she suffered at Defendant's store. The Defendants removed this case to federal court and are alleging that Plaintiff fraudulently joined the two store managers to defeat complete diversity. This Court agrees as one of the managers was not at work when the accident occurred and the other store manager's declaration establishes she had no active involvement in causing the Plaintiff's accident. Accordingly, the Court denies the Plaintiff's motion for remand and dismisses the two individual Defendants. The Court additionally has analyzed the Plaintiff's negligent mode of operation claim and finds it is not sustainable under Florida Statute § 768.7055.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. 9)**, filed on **October 12, 2018**, Rachelle Pericles's Motion to Dismiss **(D.E. 6)** filed on **October 5, 2018**, James Reinard's Motion to Dismiss **(D.E. 7)** filed on **October 5, 2018**, and Wal-mart's Motion to Dismiss **(D.E. 8)** filed on **October 11, 2018.**

THE COURT has considered the motions, the responses, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is DENIED and the motions to dismiss are GRANTED. Plaintiff may file an amended complaint against Defendant Wal-Mart Stores East, L.P., by no later than November 27, 2018.

## I. Background

Plaintiff, Evelyne Petigny, a Florida resident, is suing Defendant Wal-Mart Stores East, L.P, and store managers James Reinard and Rachelle Pericles. Plaintiff claims that on July 1, 2014, she slipped and fell on grapes on the floor at Defendant's store, causing her to sustain injuries. On April 24, 2018, Plaintiff brought suit in state court and Defendants removed the case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332(a)(1). Plaintiff now moves to remand arguing that the store managers' residence destroys complete diversity. Defendants, however, contend that the store managers, James Reinard and Rachelle Pericles, were fraudulently joined to evade removal.

For the reasons explained below, the Court agrees with Defendants and Plaintiff's motion to remand is DENIED.

## II. Legal Standards

### A. Motion for Remand

On a motion to remand, the removing party bears the burden of establishing jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The removal statute should be construed narrowly, with uncertainties resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (quoting *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d

2

1081, 1082 (5th Cir. 1975)).

## B. Motion to Dismiss

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950

## III. Analysis

### A. Motion for Remand

For a case to travel in federal court under diversity jurisdiction, the parties must be completely diverse and the amount-in-controversy must exceed $75,000. *See Underwriters Lloyd's London, v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); 28 U.S.C. § 1332(a). At issue in the motion for remand is whether there is complete diversity, as the parties do not dispute the jurisdictional amount is met.

#### 1. Fraudulent Joinder

"A defendant's right to removal cannot be defeated by a fraudulent joinder of a residential defendant having had no real connection to the controversy." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2 (M.D. Fla. July 25, 2011) (internal citations and quotations omitted). "Joinder may be deemed fraudulent when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant." *Id.* "A defendant alleging fraudulent joinder has the burden of proving the alleged fraud." *Id.* (quoting *Accordino v. Wal-Mart Stores E., LP*, No. 3:05-cv-761-J-32MCR, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005)). "That burden is a heavy one." *Id.* (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). The defendant must show that there is "no possibility" that the plaintiff can establish a claim against the non-diverse defendant in state court. *Stephens v. Petsmart, Inc.*, No. 8:019-cv-815-T-26TBM, 2009 WL 3674680, at *2 (M.D. Fla. Nov. 3, 2009) (citations omitted).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pritchard v. Wal-Mart Stores, Inc.*, No. 8:09-cv-46-T-24TGW, 2009 WL 580425, at *2 (M.D. Fla. March 5, 2009). "The Court must evaluate factual uncertainties in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in the plaintiff's favor." *Big Lots Stores, Inc.*, 2011 WL 3035269, at *2 (internal quotations omitted). "The fact that the plaintiff may not ultimately prevail against the resident defendant does not mean that the resident defendant has been fraudulently joined; only a colorable claim against the resident defendant is needed." *Id.*

Plaintiff argues that James Reinard and Rachelle Pericles are Florida residents, destroying diversity. Defendants contend that Plaintiff fraudulently joined the store managers solely to

evade removal.

### a. James Reinard, Store Manager

According to a sworn declaration provided by James Reinard, a store manager at the Wal-Mart store where Plaintiff allegedly slipped and fell, Mr. Reinard was not present in the store or on the premises at the time of the alleged incident. In *Stephens v. Petsmart*, an almost identical dispute arose—plaintiff slipped and fell in a Petsmart store on a wet substance on the floor and Petsmart removed to federal court, at which point plaintiff sought to add two non-diverse store managers to the suit. In that case, the court found that because one of the managers was not present in the store at the time of the alleged incident, he could not be found liable. *Stephens*, 2009 WL 3674680, at *2. "In Florida, there is no recognized cause of action for an *in absentia* claim of negligent failure to maintain [a] store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct." *Id.* Here, because Mr. Reinard was not present at the time of the alleged incident—and because Plaintiff has provided no sworn testimony to the contrary—the Court finds that there is "no possibility" that Plaintiff would be able to establish a claim against him in state court. *Accordino*, 2005 WL 3336503, at *2-3; *Hillary Joy Taylor DeSalto v. Garden Fresh Restaurants, LLC,* No. 18-61410 (S.D. Fla. Oct. 10, 2018). For that reason, the Court finds that Defendant has met its heavy burden of proving that Mr. Reinard, has been fraudulently joined and his citizenship will not be considered for purposes of determining diversity. *Id.* (citing *Russell Petroleum Corp. v. Environ Prods., Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004)).

The Court additionally finds that because Florida law does not recognize an *in absentia* claim of negligent failure to maintain a store, it is appropriate to grant the Defendant Reinard's motion to dismiss Count II of Plaintiff's complaint.

### b. Rachelle Pericles, Store Manager on Duty

Rachelle Pericles was the assistant store manager on duty at the Wal-mart store where Plaintiff allegedly slipped and fell on July 1, 2014. The liability of an agent of a corporation is best described in *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006), where the court stated:

> [O]fficers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. . .. [A]n officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his [or her] employment—he or she must be actively negligent.

Moreover, "[t]he district court must resolve all questions of fact in plaintiff's favor; however, when a defendant's affidavits are undisputed by the plaintiff, the court cannot then resolve the facts in the plaintiff's favor based solely upon the unsupported allegations in the plaintiff's complaint." *Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, *3 (M.D. Fla. July 31, 2012) (citing *Legg v. Wyeth*, 428 F. 3d 1317, 1323 (11th Cir. 2005)). The courts' analyses and findings in *Scipione v. Advance Stores Co., Inc.*, *Stephens v. Petsmart, Inc.*, and *Pritchard v. Wal-Mart Stores, Inc.* are instructive in this case. For example, in *Scipione*, an almost identical case involving a slip-and-fall accident, the court found that plaintiff could not add the assistant store manager as a defendant because plaintiff did not dispute the assistant store manager's sworn declaration denying that he had any knowledge of the condition that caused plaintiff's accident. *Id.*, 2012 WL 3105199, at *4. Likewise, in *Stephens v. Petsmart, Inc.*, the court found that although the presentation manager was present on the day in question, the affidavits demonstrated that he had no prior knowledge of the hazardous condition

6

in the store and that there was "no possibility" that a cause of action could be asserted against him in his individual capacity. *Stephens*, 2009 WL 3674680, at *2; *see also Pritchard v. Wal-Mart Stores, Inc.*, 2009 WL 580425, at *3 (finding that the manager of a store in a slip-and-fall case had been fraudulently joined because plaintiff failed to point to any evidence that controverted the manager's sworn declaration stating that she was not actively negligent).

Plaintiff's Amended Complaint does not contain factual allegations that Pericles was personally at fault or actively negligent. Plaintiff does not allege facts showing that Pericles caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it. Here, like in the cases cited above, Defendant has provided a sworn declaration of Ms. Pericles, refuting Plaintiff's conclusory allegations in the Amended Complaint. More specifically, the declaration states that (1) Ms. Pericles was not in the area where the incident occurred prior to Plaintiff's fall or during the incident: (2) Ms. Pericles and her trained employees visually inspect the store for transitory substances and hazards; and (3) Ms. Pericles had no prior knowledge of the dangerous condition, nor did she participate in the incident. Because Plaintiff has not submitted any evidence to the contrary, there is no question of fact to resolve. Absent evidence she personally participated in tortious conduct, Ms. Pericles cannot be held personally liable for negligence under Florida law. *See Scipione*, 2012 WL 2105199, at *4. The evidence before the Court indicates that there is no possibility that Plaintiff can establish a cause of action against Ms. Pericles. For this reason, Defendant has again met its high burden of establishing fraudulent joinder and Ms. Pericles's citizenship will therefore not be considered for purposes of determining diversity.

In addition, the Court finds that because Plaintiff's Amended Complaint lacks the

requisite factual allegations about specific acts or omissions by Ms. Pericles individually, dismissal of Count III is appropriate.

### B. Wal-mart's Motion to Dismiss Negligent Mode of Operation Claim

In addition to moving to dismiss based on fraudulent joinder, Wal-mart moves to dismiss Plaintiff's amended complaint arguing there is no cognizable negligent mode of operation claim under Florida law. The negligent mode of operation theory allows a plaintiff to recover by showing that a defendant failed to exercise reasonable care in selecting a mode of operation, without showing that the defendant had actual or constructive knowledge of the dangerous condition. *See Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 259–60 (Fla. 2002). This is no longer the law in Florida in slip-and-fall cases involving transitory substances. *Khorran v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962 (Fla. 3d DCA 2018) ("We recognize that this [the elimination of the knowledge requirement] no longer holds true in premises liability cases involving a slip and fall on a transitory foreign substance."). Now, proof of actual or constructive knowledge is a necessary element of a slip and fall claim. *See Sanchez v. ERMC of Am., LLC,* 2:16-CV-851-FTM-99CM, 2017 WL 417129, at *4 (M.D. Fla. Jan. 31, 2017) (granting motion to dismiss negligent mode of operation claim); *Valles v. Target Corp.*, No. 14–60723–Civ–Scola, 2015 WL 1640326, at *2 (S.D. Fla. Apr. 9, 2015) (Essentially, under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition . . . existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition.").

Plaintiff argues that the statute merely added a knowledge requirement, but did not eliminate the cause of action in transitory substance cases. In enacting Fla. Stat. § 768.0755, the Florida legislature specifically repealed the language of Fla. Stat. 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge. Therefore, Plaintiff's argument that her negligent

mode of operation claim survives under subsection (2) of the statute is not supported. "The statute eliminated a statutory cause of action, but preserved only common law claims" in cases where there is a transitory substance on the floor causing plaintiff's injury. *Sanchez v. ERMC of Am., LLC*, No. 2:16-CV-851-FTM-99CM, 2017 WL 417129, at *4 (M.D. Fla. Jan. 31, 2017). The Eleventh Circuit has also explained that in this context, a plaintiff must show evidence of the basic elements of a negligence action, and whether there was actual or constructive notice concerns the element of breach of the duty of care. *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 726 (11th Cir. 2014). Accordingly, the Court grants the motion to dismiss the negligent mode of operation claim. In so holding, the Plaintiff may proceed on a traditional negligence claim against Defendant Wal-mart.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of November 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record